PEOPLE ex rel. DEMPSEY v. WELLS et al.

(Supreme Court, Special Term, New York County.   August, 1902.)

1. CIVIL SERVICE—DISCHARGE OF PROBATIONER WITHOUT CAUSE.

New York municipal civil service rule 35 provides that every original
appointment in the competition class shall be made for a probationary
term of three months, and that whenever two or more persons appointed
from the same eligible list are serving in the same department, and there
is necessity for reduction of the force, they should be preferred for re-
tention in the order of their original standing upon such list.   It was
admitted that relator was first on the eligible list;   that his conduct,
capacity, and fitness were satisfactory;   and that another probationer,
appointed over a month after relator to the same duties, was serving
·at the time of his discharge, and still retained.   *Held*, that relator was
entitled to mandamus to compel his reinstatement.

Mandamus by the people, on the relation ·of Guy C. Dempsey,
against James L. Wells and others, commissioners of taxes and as-
sessments of New York.   Granted.

Nathan, Leventritt & Perham (Edgar M. Leventritt, of counsel),
for relator and motion.

George L. Rives, Corp. Counsel, opposed.

GIEGERICH, J.   The undisputed facts in the case are as follows:
The relator passed a competitive examination for the position of
searcher in the respondents' department, and when appointed on No-
vember 1, 1901, was first on the eligible list.   On November 4, 1901,
he entered upon the performance of his duties, and so continued until
February 3, 1902, on which date he received notice from the respond-
ents that, having been appointed searcher on probation, and the pro-

bationary period having ended, his services were dispensed with; no ground, other than as just stated, being assigned for his discharge, nor did he ever have any hearing or opportunity of making any explanation.

Rule 35 of the municipal civil service of the city of New York is as follows:

"Every original appointment to or employment in any position in the competitive class shall be made for a probationary term of three months, and an appointing or nominating officer in notifying a person certified to him for appointment or employment shall specify the same as for a probationary term only; and if the conduct, capacity and fitness of the probationer are satisfactory to the appointing officer, his retention in the service, after the end of such term, shall be equivalent to his permanent appointment, but if his conduct, capacity or fitness be not satisfactory, he may be discharged at the end of such term, without regard to the provisions of rule 42 limiting the power of removal. Whenever two or more persons appointed from the same eligible list are serving as probationers in the same department, and there is necessity for reduction of the force of such department affecting such persons, they shall be preferred for retention in the order of their original standing upon such list. Every officer under whom any probationer shall serve during any part of his probation shall carefully observe the quality and value of the services rendered by such probationer, and his conduct, and if so required shall report in writing to the proper appointing officer the facts observed by him, showing the character and qualifications of such probationer, and of the services rendered by him, and such reports shall be preserved on file."

It is further admitted that the conduct, capacity, and fitness of the petitioner were satisfactory to the respondents, as well as their predecessors, who appointed him, and also to the deputy commissioners under whom he served. It is also admitted that another searcher, appointed over a month after the relator to the same duties, was serving on probation at the time of the relator's discharge, but who was not discharged at the end of his probationary term, but was retained, and is still retained, in service identical with that performed by the relator. The respondents claim that they have full power to dispense with the services of any probationer at the end of his probationary term without assigning any reason therefor. Whatever may be said of this claim as a general proposition, I do not think they were entitled to exercise such a power under the circumstances disclosed in this case.

Motion for a peremptory mandamus granted, with $25 costs.